ASH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kongnyui Noel Ndomi, | No.    CV-26-00113-PHX-JJT (ASB) |
| Petitioner, | |
| v. | **ORDER** |
| Christopher Howard, *et al.*, | |
| Respondents. | |

On January 8, 2026, Petitioner filed a Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus seeking release from immigration detention. (Doc. 1). Therein, Petitioner avowed that he was ordered removed to Cameroon on May 13, 2025, that there was no likelihood of removal to Cameroon because he had also been granted withholding of removal pursuant to the Convention Against Torture, and argued that his continued detention[1] was in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). By Order dated January 9, 2026, the Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 5). Respondents responded, and Petitioner has replied. (Docs. 7, 8). For the reasons that follow, the Court will grant the Petition and order that Petitioner be released from custody.

## I.    Legal Standard

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under § 1231(a)(1), the Government has 90 days in which to

---

[1] Petitioner was taken into ICE custody on October 3, 2024. (Doc. 1 at 9-10).

remove an alien once a removal order becomes final. Detention during this removal period is mandatory. 8 U.S.C. § 1231(a)(2). If the Government is unable to effect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary. 8 U.S.C. § 1231(a)(6). That discretion, however, is not unfettered, and indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689 (8 U.S.C. § 1231(a)(6) "does not permit indefinite detention."). This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired. 533 U.S. at 701. Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. *Id.* The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than 6-months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* Thereafter, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If, after considering the evidence, the Court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699.

**II.    Discussion**

Here, Petitioner's removal order became final no later than 30 days after the IJ's May 13, 2025 order of removal. (*See* Doc. 1-1 at 2-5); 8 C.F.R. § 1241.1 Accordingly, as of the date of this Order, Petitioner has been detained beyond the "presumptively reasonable" period articulated in *Zadvydas*. As such, to obtain relief Petitioner must first provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and, if he does so, Respondents "must respond with evidence sufficient to rebut that showing." *Id.*

The Court finds that Petitioner has satisfied his initial burden because he has been granted withholding of removal to Cameroon. (*See* Doc. 1-1 at 2-5). There is thus "good reason" to believe that there is no significant likelihood of his removal to Cameroon in the

reasonably foreseeable future. The burden thus shifts to Respondents to rebut that showing "with evidence sufficient." 533 U.S. at 699.

Respondents have failed to do so because they have not provided any evidence, sufficient or otherwise. In their Response, Respondents state only that they have "made requests to at least three alternate countries of removal and remains in process [*sic*] of securing a third country for removal." (Doc. 7 at 3). Respondents do not describe with any specificity what their "requests" consist of or what "process" they are engaged in, when they occurred, or explain how they support that Petitioner's removal is reasonably foreseeable. While Respondents make several references to "Ex. A," no exhibits or other evidence were included with the Response.[2] Indeed, Respondents also state—again, without evidentiary support—that they attempted to obtain third country removal approval from Chad, Angola, and Egypt, but have received no response from any of these countries. (*Id.* at 2). Even assuming *arguendo* that these avowals had evidentiary support, they would not support that there is a significant likelihood that Petitioner will be removed to any of these third countries—or any others—in the reasonably foreseeable future; rather, they would support the exact opposite conclusion. This is insufficient to discharge Respondents' burden under *Zadvydas*. On the record presented, no evidence supports that there is a significant likelihood that Petitioner will be removed to Cameroon, Chad, Angola, Egypt, or any other country in the reasonably foreseeable future. Accordingly, the Court will grant the Petition and order that he be immediately released from custody.

---

[2] It appears that "Ex. A" was intended to be a "Declaration of Shadd Hoffman, Deportation Officer, Enforcement and Removal Operations (ERO)". (*Id.* at 1). This would be consistent with numerous similar filings Respondents have made in other immigration cases in this District over the past several months. In many of those cases, similar ERO and other deportation officer declarants lacked personal knowledge of the facts to which they were attesting, often only providing a rote recitation of a petitioner's "file" or "records" without attesting that they had any involvement in the production of those records or the events purportedly described therein. Respondents do not quote any part of this purported Declaration that sheds any light on what efforts they have made to effect Petitioner's removal, when those steps were taken, or how they support that Petitioner's removal is likely to occur in the reasonably foreseeable future. As such, even if the Court accepted the apparent declarations as evidence, they would not be sufficient to satisfy the Respondents' burden under *Zadvydas*.

**IT IS THEREFORE ORDERED** that:

(1)    The Petition for Habeas Corpus (Doc. 1) is **granted**.

(2)    Respondents must **IMMEDIATELY RELEASE** Petitioner from custody.

(3)    Within **48 HOURS** of this Order, Respondents must file a Notice of Compliance.

(4)    The Clerk of Court must enter judgment accordingly, and close this case.

Dated this 11th day of February, 2026.

Honorable John J. Tuchi
United States District Judge

- 4 -